Filed 2/11/26 (unmodified opn. attached)

## CERTIFIED FOR PUBLICATION

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F087625 |
| Plaintiff and Respondent, | (Kern Super. Ct. No. BF118343B) |
| v. | |
| KEVIN CHRISTOPHER DIXON, | **ORDER MODIFYING OPINION AND DENYING REHEARING** [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

**THE COURT:**

It is ordered that the opinion filed herein on January 26, 2026, be modified in the following particulars:

1.     On page 22, after the last sentence of the second full paragraph, a new footnote 3 is added as follows:

… The matter is remanded for a new evidentiary hearing.[3]

---

[3]     Granting the petition for resentencing, as opposed to ordering a new evidentiary hearing, may be the appropriate remedy where a petitioner successfully demonstrates no substantial evidence supports the denial of a section 1172.6 petition even considering erroneously admitted evidence at an evidentiary hearing. (See *People v. Emanuel* (2025) 17 Cal.5th 867, 896 [remanding with instructions to grant petition for resentencing under § 1172.6, subds. (d)(3), (e), where ruling after evidentiary hearing is not supported by substantial evidence]; see also *People v. Jasso* (2025) 17 Cal.5th 646, 684 ["'[E]vidence erroneously admitted is properly considered in weighing the sufficiency of evidence to support a conviction notwithstanding its erroneous admission.'"].)  We note that no such substantial evidence argument was presented here.

This modification does not effect a change in the judgment.

The petition for rehearing is denied.

MEEHAN, Acting P. J.

I CONCUR:

DESANTOS, J.

Filed 1/26/26 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEVIN CHRISTOPHER DIXON,<br><br>Defendant and Appellant. | F087625<br><br>(Super. Ct. No. BF118343B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

Cynthia Zimmer, District Attorney (Kern), and Anthony Yim, Deputy District Attorney, as Amicus Curiae on behalf of Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Kevin Christopher Dixon appeals the denial of his petition for relief under Penal Code section 1172.6[2] after an evidentiary hearing. He argues the trial court erred by admitting and considering a grand jury proceeding transcript, police reports, witness statements and other law enforcement-generated documents at the evidentiary hearing. The Attorney General concedes neither the grand jury transcript nor the law enforcement-generated records were admissible at the evidentiary hearing, and he maintains the matter should be remanded for a new evidentiary hearing. Appellant contends the erroneous admission of this evidence requires granting his petition, vacating his conviction, and resentencing him without any further evidentiary hearing.

The admission of evidence at a section 1172.6 evidentiary hearing is "governed by the Evidence Code," *except that* a court "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (*Id.*, subd. (d)(3).) This carve-out for "'evidence previously admitted at any prior hearing or trial'" has been interpreted as a hearsay exception applicable to preliminary hearing and trial transcripts. (*People v. Davenport* (2023) 95 Cal.App.5th 1150, 1158 (*Davenport*); *People v. Cody* (2023) 92 Cal.App.5th 87, 103 (*Cody*) [transcript of testimony from the petitioner's trial that led to original conviction admissible at § 1172.6 evidentiary hearing]; *People v. Palacios* (2024) 101 Cal.App.5th 942, 952 [transcript of admission of confession at the petitioner's prior trial was admissible at § 1172.6 evidentiary hearing].)

There is a split of appellate authority, however, regarding whether a transcript of a grand jury proceeding fits within section 1172.6, subdivision (d)(3)'s (section 1172.6(d)(3)) hearsay exception. (Compare *People v. Ocobachi* (2024) 105 Cal.App.5th 1174 (*Ocobachi*) with *People v. Robinson* (2024) 106 Cal.App.5th 854

---

[2] All further statutory references are to the Penal Code unless indicated otherwise.

2.

(*Robinson*), review granted Feb. 26, 2025, S288606.) *Ocobachi* held the hearsay exception created under section 1172.6(d)(3) does *not* extend to a grand jury proceeding transcript because the petitioner was not a party to that proceeding and had no right or opportunity to cross-examine the declarant. (*Ocobachi, supra*, at pp. 1181–1182.) Reaching a different conclusion, the majority in *Robinson* held a transcript of grand jury proceeding testimony is admissible at a section 1172.6 evidentiary hearing because grand jury proceedings fall within the "any prior hearing" language of section 1172.6(d)(3) (*Robinson, supra*, at pp. 869–872, review granted), and there is no federal constitutional barrier to its admission (*id.* at pp. 872–874, review granted). Justice Feinberg dissented from the majority opinion in *Robinson*, reasoning section 1172.6(d)(3)'s reference to "any prior hearing" does not encompass a grand jury proceeding. (*Robinson, supra*, at pp. 875–878 (dis. opn. of Feinberg, J.), review granted.)

Having granted review in *Robinson*, the California Supreme Court is poised to address whether a transcript of grand jury proceedings is admissible at a section 1172.6 evidentiary hearing. Amicus curiae Kern County District Attorney urges us to defer ruling on this appeal until our high court resolves *Robinson*, but she alternatively maintains that grand jury proceeding transcripts are admissible under section 1172.6(d)(3)'s plain language. The district attorney emphasizes the legislative history she contends shows the Legislature contemplated that transcripts of grand jury proceedings would be admissible at a section 1172.6 evidentiary hearing.

We decline amicus curiae's suggestion that we stay this appeal while *Robinson* is pending review. (See generally *People v. Hannon* (2016) 5 Cal.App.5th 94, 105 [appellate court considers only those questions raised by the appealing parties].) While we await further guidance from our high court on this question, we are persuaded by Justice Feinberg's dissenting statutory analysis in *Robinson* and apply it here. We agree with the parties that neither the grand jury transcript nor police and incident reports, including witness statements recorded or reported by the police, were admissible at the

3.

evidentiary hearing.  As such, we vacate the trial court's denial of the petition and return the matter to the trial court for a new evidentiary hearing.

## FACTUAL BACKGROUND

### I.    Original Plea and Sentencing

After grand jury proceedings in March 2007, appellant, Anthony Ford, Brian Brookfield and Evan Wells were indicted for the October 2006 murder of Kisasi Baltrip. An amended indictment was filed on February 6, 2009, charging appellant, along with codefendants Ford, Brookfield, and Wells, with first degree premeditated murder (§§ 187, subd. (a), 189; count 1), conspiracy to commit murder (§ 182, subd. (a)(1); count 2), discharge of a firearm at an occupied motor vehicle (§ 246; count  3), and active participation in a criminal street gang (§ 186.22, subd. (a); count 4).

As to count 1, the indictment alleged a special circumstance that the murder was intentional and carried out to further the activities of the gang.  (§ 190.2, subd. (a)(22).) As to counts 1 and 2, the indictment alleged the offense was committed within 1,000 feet of a public or private elementary, vocational, junior high, or high school during hours in which the facility was open for classes or school-related programs within the meaning of section 186.22, subdivision (b)(2).  As to counts 1, 2, and 3, the indictment alleged that a principal personally discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)), the offense was committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and appellant was 16 years of age or older when he committed the offenses (Welf. & Inst. Code, § 707, former subd. (d)(1)).  As to count 4, the indictment alleged appellant was 16 years of age or older when he committed the offense.  (Welf. & Inst. Code, § 707, former subd. (d)(1).)

The circumstances of the offenses were described in our nonpublished opinion on appellant's direct appeal:

4.

"On October 5, 2006, at approximately 9:00 a.m., Bakersfield police officers heard gunshots near the intersection of Donna Avenue and 1st Street and saw a car fleeing from the area. As the officers chased the car, it stopped and Evan Wells got out. When confronted by officers, Wells took a gun out of his sweatshirt pocket and stated, 'They gave me the gun and told me to run.'

"During a post-arrest interview, Wells identified the other occupants of the car as Brian Brookfield, Anthony Ford, and appellant .… According to Wells, Brookfield picked up everyone and drove to a location where Brookfield, Ford, and [appellant] got out and left Wells in the car. A few minutes later, Wells heard gunshots and saw the three men run back to the car. After leaving the area and seeing a police car following them, [appellant] gave Wells a handgun and told him to hold it or he would shoot Wells. [Appellant] then told Brookfield to stop and Wells was let out of the car.

"Meanwhile officers found Kisasi Baltrip driving his vehicle with a gunshot wound to his chest. Baltrip was transported to Kern Medical Center where he later died.

"Police interviewed numerous witnesses at the shooting scene including one who reported seeing [appellant], Brookfield, and Ford walking in the middle of the street, hearing several shots, and turning to see the three men firing handguns at the victim's vehicle.

"[Appellant], Brookfield, and Ford were arrested later that day." (*People v. Dixon* (Apr. 2, 2010, F057961) [nonpub. opn.] (*Dixon I*).)

In 2009, appellant pleaded no contest to second degree murder (§ 187, subd. (a)), shooting at an occupied vehicle (§ 246), and participating in a criminal street gang under section 186.22, subdivision (a), as part of a negotiated plea. Appellant also admitted a personal-use firearm enhancement under section 12022.53, subdivision (b). Through counsel, appellant stipulated there was a factual basis for the plea based on offense (police) reports and the grand jury testimony.

Pursuant to the plea, appellant was sentenced to 15 years to life for the murder, plus 10 consecutive years for the gun enhancement under section 12022.53, subdivision (b). The court imposed concurrent terms on the remaining counts: seven years for shooting at an occupied vehicle and three years for the gang offense.

On appeal, the judgment was modified to adjust the presentence custody credit calculation. As modified, the judgment was affirmed. (*Dixon I, supra*, F057961.)

## II. Section 1172.6 Proceedings

### A. Prima Facie Stage Proceedings

In February 2019, appellant filed a petition for resentencing pursuant to what is now section 1172.6, and the trial court appointed counsel for appellant. The People filed a motion to dismiss on the ground Senate Bill No. 1437 (2017–2018 Reg. Sess.) was unconstitutional, which was denied. The People then filed an opposition to the petition on the merits, and the trial court summarily denied the petition as a matter of law at the prima facie stage.

On appeal, we determined the trial court erred in failing to issue an order to show cause. We reversed and remanded for the trial court to conduct further proceedings pursuant to the statute. (*People v. Dixon* (Apr. 7, 2022, F081576) [nonpub. opn.] (*Dixon II*).)

### B. Evidentiary Hearing

On remand, the trial court issued a minute order in September 2022, finding the prima facie showing for relief had been met, and the matter was placed on calendar for an evidentiary hearing. In April 2023, the People filed an opposition brief arguing the court should deny the petition as a matter of law. On June 6, 2023, the People filed another brief in opposition to the petition, and requested the court take judicial notice of (1) court files and records; (2) appellant's change of plea hearing transcript; (3) police reports; and (4) the decision and records in *Dixon II, supra*, F081576. The People's brief also relied on a partial grand jury transcript on the ground it had been stipulated to as the factual basis for the plea.

Appellant filed a reply brief, objecting to the admission of grand jury transcripts; offense reports; probation facilities special incident report; and appellant's change of plea hearing transcript. Appellant argued the stipulation to the factual basis for the plea was

not a stipulation for purposes of admitting that evidence at a section 1172.6 evidentiary hearing.

A hearing was held on June 15, 2023, and the parties presented argument about the admissibility of the objected-to materials. The People reiterated the stipulation to the factual basis for the plea, which included grand jury transcripts and police reports, constituted a stipulation for admission of this evidence under section 1172.6(d)(3). The court tentatively ruled the stipulated evidence was admissible, and ultimately took the matter under submission.

The trial court issued a written order on February 16, 2024, denying the petition. The court ruled the police reports were admissible, but noted there were interview notes from the four suspects that included statements implicating others that were not excepted from the bar against hearsay testimony as a statement against interest. The court explained it was able "to weigh the credibility of the suspects' statements implicating others along with themselves," and that "with th[is] caveat in mind," the police reports were admissible for purposes of the evidentiary hearing.

With regard to the change of plea hearing transcript, the court indicated it was "not considering the stipulation made at the plea hearing that there was a factual basis for the plea as an admission by [appellant] of any particular fact which was presented in 'the offense reports and the testimony at the Grand Jury proceedings.' It is merely an admission by [appellant] that the sum total of the information contained in those documents provided a reason for [appellant] to have plead[ed] [no contest] as he did. With this limitation in mind, the Transcript of [appellant's] Original Change of Plea Hearing is ruled admissible in this [section] 1172.6 Petition proceeding."

As for the grand jury proceeding transcript, the court ruled it was admissible. The court reasoned that because "non-hearsay testimony from preliminary hearings is admissible, there is no reason why the same type of non-hearsay testimony from a Grand

7.

Jury proceeding should not also be admissible.  With that limitation in mind, the Grand Jury Transcript is ruled admissible in this [section] 1172.6 Petition proceeding."

Upon making its evidentiary rulings, the court considered the following evidence: (1) a transcript of appellant's April 2009 plea hearing where appellant's counsel stipulated there was a factual basis for the plea based on the offense reports and the grand jury proceedings; (2) March 2007 grand jury transcripts; (3) police reports from the Bakersfield Police Department; (4) a probable cause declaration signed by an officer; (5) witness statements collected and documented by police officers; (6) a probation facilities special incident report related to Brian Brookfield; (7) a transcript of the April 2009 sentencing hearing; and (8) appellant's statement in mitigation filed for purposes of a *Franklin*[3] hearing.

The trial court identified the factual findings made from each evidentiary source, including extensive findings from the police reports and the grand jury proceeding transcript; and concluded appellant was a major participant in the murder who acted with reckless indifference to human life; and denied the petition.

## DISCUSSION

### I.      Admissibility of Evidence in Section 1172.6 Evidentiary Hearing

At a section 1172.6(d) evidentiary hearing, the admission of evidence is "governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed."  (§ 1172.6(d)(3).)

Appellant argues most of the evidence considered by the court for purposes of the evidentiary hearing was inadmissible, and, to the extent that evidence involved witness statements that were not subject to cross-examination, appellant argues its consideration violated his due process rights.  Appellant maintains the stipulation to the factual basis

---

[3]      *People v. Franklin* (2016) 63 Cal.4th 261, 284.

8.

for the plea hearing did not transform the underlying documents into "stipulated evidence" under section 1172.6(d)(3), and it cannot supply a basis for admission of any of the prosecution's evidence at the evidentiary hearing. Appellant also contends the grand jury transcripts were not admissible under section 1172.6(d)(3)'s hearsay exception for evidence admitted at a prior hearing or trial, and the other evidence, including the out-of-court written police reports, witness statements, and other reports were likewise inadmissible hearsay with no applicable exception.

The Attorney General concedes the grand jury transcripts and the police reports were not admissible at the evidentiary hearing, and he maintains the case should be remanded for the trial court to conduct a new evidentiary hearing, permitting the prosecution an opportunity to present admissible evidence.

### A. Standard of Review

"Ordinarily, a trial court's denial of a section 1172.6 petition is reviewed for substantial evidence." (*People v. Reyes* (2023) 14 Cal.5th 981, 988; accord, *People v. Emanuel* (2025) 17 Cal.5th 867, 885.) However, a trial court's rulings about the admission of evidence are typically reviewed for an abuse of discretion (*People v. Flores* (2020) 9 Cal.5th 371, 409), and a court abuses its discretion when it misapprehends the pertinent law (*People v. Duran* (2022) 84 Cal.App.5th 920, 928). Where the evidentiary question involves statutory interpretation, it presents a question of law that is reviewed de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961; see *Cody, supra*, 92 Cal.App.5th at p. 101 [admissibility of trial transcripts presents issue of statutory interpretation].)

### B. Stipulation to the Factual Basis for the Plea

Although urged by the prosecutor, it does not appear the trial court admitted the police reports and grand jury transcripts because they were the materials appellant stipulated to as providing the factual basis for his plea. In its written ruling, the court explained it was "not considering the stipulation made at the plea hearing" because this was "merely an admission by [appellant] that the sum total of the information contained

9.

in [the police reports and grand jury transcript] provided a reason for [appellant] to have plead[ed] guilty as he did."

Moreover, in ruling as to the admissibility of the grand jury transcript, the court reasoned it was admissible just like a preliminary hearing transcript under section 1172.6(d)(3). As for the police reports—including those from police officers regarding events before the shooting at a high school, the probation facilities special incident report and witness statements—the court reasoned much of this was presented to the grand jury and, thus, appears to have considered the evidence admissible under section 1172.6(d)(3)'s exception for evidence previously admitted at "any prior hearing" that remains admissible under current law.

In any event, the Attorney General does not assert the stipulation to the factual basis for the plea was sufficient to admit the documents at the evidentiary hearing, and we agree generally with appellant: the fact that he stipulated at his plea hearing that the police reports and grand jury transcript provided the factual basis for his no contest plea is not a stipulation to the admissibility of those documents at a section 1172.6 evidentiary hearing. The documents were not evidence "admitted" as part of the plea hearing (§ 1172.6(d)(3)), and appellant's stipulation did not amount to an admission as to the truth of any statements in the documents. (See *People v. French* (2008) 43 Cal.4th 36, 52 [rejecting broad proposition that a defendant's stipulation to a factual basis for a plea constitutes a binding admission for all purposes].)

C.      **Grand Jury Proceeding Transcript**

The parties agree the grand jury transcript is not admissible under section 1172.6(d)(3)'s exception for evidence previously admitted at a prior hearing or trial, generally applying the reasoning provided in Justice Feinberg's dissent in *Robinson*. (See *Robinson, supra*, 106 Cal.App.5th at pp. 875–879 (dis. opn. of Feinberg, J.), review granted.)

10.

Amicus curiae focuses on the legislative history underlying the amendment to section 1172.6 under Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), and urges us to conclude, consistent with the majority in *Robinson*, that section 1172.6(d)(3) permits the admission of a grand jury transcript under its hearsay exception, and that such admission does not constitute an error of federal constitutional dimension under the Sixth and Fourteenth Amendments. (See *Robinson, supra*, 106 Cal.App.5th at pp. 865–874, review granted.)

### 1.    Legal Background

To reiterate, at an evidentiary hearing to determine whether a petitioner is entitled to relief under section 1172.6, the admission of evidence is "governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.…  However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.…"  (§ 1172.6(d)(3).)

Section 872, subdivision (b), allows for a finding of probable cause to hold a defendant to answer based "in whole or in part upon the sworn testimony of a law enforcement officer or honorably retired law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted.…"  (*Ibid.*)

In *Davenport*, the court concluded the plain language of section 1172.6(d)(3) renders a preliminary hearing transcript admissible at a section 1172.6 evidentiary hearing.  (*Davenport, supra*, 95 Cal.App.5th at pp. 1158–1159.)  Although section 1172.6(d)(3) requires evidence admitted at a prior hearing to be "'admissible under current law,'" the court explained "the most natural reading of those words is that the basis for admission of testimony *at the hearing or trial in which it was previously admitted must remain a valid basis for admitting the testimony* 'under current law.'"

11.

(*Davenport, supra*, at p. 1158.)  The court rejected the petitioner's argument that section 1172.6(d)(3) requires former witness testimony to be admissible pursuant to Evidence Code section 1291, as such an interpretation would render "the exception for previously admitted testimony" superfluous.  (*Davenport, supra*, at p. 1159.)

Similarly, in *Cody*, the court considered the admissibility of transcripts from the petitioner's original trial under section 1172.6(d)(3).  The petitioner argued the prosecution was required to make a showing of witness unavailability under Evidence Code section 1291 before the former trial testimony could be admitted.  (*Cody, supra*, 92 Cal.App.5th at p. 103.)  In rejecting this argument, the court acknowledged the rules of evidence govern a section 1172.6 evidentiary hearing, but explained section 1172.6(d)(3)'s plain language created an explicit exception for the admission of former testimony:  "'The admission of evidence in the hearing shall be governed by the Evidence Code, *except that* the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including *witness testimony* ….'"  (*Cody, supra*, at p. 104.)  Thus, prior trial testimony could be admitted without showing witness unavailability under Evidence Code section 1291.  Adopting a different conclusion, the court reasoned, would require disregarding the statute's plain language and it would mean that section 1172.6 evidentiary hearings would "effectively become new court trials," which is "plainly <u>not</u> what the Legislature intended."  (*Cody, supra*, at p. 104.)

Since *Davenport* and *Cody*, two appellate courts have considered whether section 1172.6(d)(3)'s hearsay exception extends to transcripts from grand jury proceedings.  In *Ocobachi*, the court held it did not.  (*Ocobachi, supra*, 105 Cal.App.5th at p. 1183.)  The court explained the existing hearsay exception for former testimony found in Evidence Code section 1291 requires a showing of witness unavailability (*id.*, subd. (a)) *and* that the party against whom the former testimony was offered had been given the right and opportunity to cross-examine the declarant (*id.*, subd. (a)(2)).

12.

(*Ocobachi, supra*, at pp. 1181–1182.)  Unlike former testimony given during a petitioner's preliminary hearing or original trial, *Ocobachi* pointed out the person investigated at a grand jury proceeding is not a party but a "'target'" who has no right to appear or offer evidence at grand jury proceedings.  (*Id.* at p. 1182.)  Thus, unlike in *Davenport* and *Cody*, admitting a transcript of grand jury testimony under section 1172.6(d)(3) would require ignoring *both* provisions of Evidence Code section 1291, creating an overbroad hearsay exception.  (*Ocobachi, supra*, at pp. 1181–1182.)

In *Robinson*, the majority held that section 1172.6(d)(3) allows for the admission of a transcript of grand jury testimony during an evidentiary hearing.  (*Robinson, supra*, 106 Cal.App.5th at p. 872, review granted.)  The majority reasoned that section 1172.6(d)(3) creates a merits hearing specific hearsay exception for ""'"evidence previously admitted at any prior hearing or trial that is admissible under current law."'"" (*Robinson, supra*, at p. 867, review granted, quoting *People v. Palacios, supra*, 101 Cal.App.5th at p. 952.)  The majority found persuasive *Davenport*'s reasoning that section 1172.6(d)(3)'s "'admissible under current law'" language means that the basis for admission of testimony at the hearing or trial in which it was previously admitted must remain a valid basis for admitting the testimony "under current law," not that the former testimony must again satisfy the rules of evidence at the section 1172.6 evidentiary hearing.  (*Robinson, supra*, at pp. 867, 868, review granted.)

Turning to the grand jury proceeding transcript, the court held it was encompassed within section 1172.6(d)(3)'s "'any prior hearing'" language, drawing parallels between the grand jury's function and that of the magistrate judge during a preliminary hearing. (*Robinson, supra,* 106 Cal.App.5th at p. 869, review granted.)  The majority also reasoned there were sufficient guardrails in grand jury proceedings to enhance the reliability of evidence received during the proceedings and to assist the trial court's assessment of that prior testimony in a section 1172.6 evidentiary hearing.  (*Robinson,*

13.

*supra*, at pp. 869–870, review granted.)  For example, the prosecutor has an obligation to ensure that evidence submitted to a grand jury is admissible over objection at the trial in a criminal action; the prosecutor must inform the grand jury of any exculpatory evidence; and a defendant may challenge the sufficiency or competency of grand jury testimony before a judge by moving to set aside the indictment.  (*Id.* at p. 870, review granted.)

Moreover, the majority pointed out, a petitioner may offer new or additional evidence at the evidentiary hearing to refute testimony offered to the grand jury. (*Robinson, supra*, 106 Cal.App.5th at p. 870, review granted.)  Finally, the majority explained that if the Legislature had meant to exclude grand jury testimony, it would have done so just as it had explicitly excluded testimony at a preliminary hearing admitted under section 872, subdivision (b).  (*Robinson, supra*, at p. 871, review granted.)  Considering the federal constitutional dimension of admitting a transcript of grand jury testimony, the *Robinson* majority held the Sixth Amendment right to confrontation does not apply in the section 1172.6 context.  (*Robinson, supra*, at p. 873, review granted.)  In balancing the relevant interests, the court also held the admission of such testimony via a transcript did not violate a petitioner's procedural due process rights. (*Id.* at pp. 873–874, review granted.)

In a dissenting opinion, Justice Feinberg reasoned section 1172.6(d)(3)'s use of the term *hearing* did not extend to grand jury proceedings.  (*Robinson, supra*, 106 Cal.App.5th. at p. 875 (dis. opn. of Feinberg, J.), review granted.)  In the extensive statutory scheme governing grand jury proceedings, the Legislature almost exclusively referred to grand jury *proceedings* or *sessions* rather than hearings.  (*Ibid.*, review granted.)  Additionally, the dissent pointed out, a grand jury proceeding is fundamentally different from a hearing or trial—the grand jury's function is to investigate and inquire, it is not performing an adjudicative process; the defendant is not given an opportunity to appear or cross-examine witnesses; and, generally, no judicial officer presides over the proceedings.  (*Id.* at pp. 875–876, review granted.)  Further, the dissent reasoned, other

14.

phrasing in the statute's language does not fit a grand jury proceeding: the statute's use of the phrase "previously admitted" does not pertain to a grand jury, which does not "'admit'" evidence, but rather "'receive[s]'" it relevant to its investigation. (*Id.* at p. 876, quoting § 939.6, subds. (a), (b) (dis. opn. of Feinberg, J.), review granted.)

Moreover, the dissent pointed out, section 1172.6 excludes hearsay evidence admitted at a preliminary hearing under section 872, subdivision (b), but there is no carve-out for similar hearsay testimony that is permitted in grand jury proceedings under section 939.6, subdivision (c). (*Robinson, supra*, 106 Cal.App.5th. at p. 877 (dis. opn. of Feinberg, J.), review granted.) This omission, the dissent explained, "suggest[s] that the Legislature did not contemplate that grand jury transcripts would be admissible in a section 1172.6 evidentiary hearing in the first place." (*Ibid.*) It would be anomalous, the dissent reasoned, for the Legislature to amend the statute to tighten the evidentiary rules with respect to certain preliminary hearing testimony and simultaneously "make a more generous allowance for hearsay testimony presented at a grand jury proceeding[] where witnesses are not subject to cross-examination .…" (*Ibid.*, review granted.)

Finally, the dissent found the procedural protections attendant to grand jury proceedings insufficient to provide fairness and evidentiary reliability at a section 1172.6 evidentiary hearing: the prosecutor's evidence in a grand jury session "is entirely free from adversarial testing," witnesses are not subject to cross-examination, and the defendant is not entitled to be present. (*Robinson, supra*, 106 Cal.App.5th. at p. 878 (dis. opn. of Feinberg, J.), review granted.) The dissent found the defendant's ability to tender new evidence at a section 1172.6 hearing an unsuitable protection given that a section 1172.6 hearing may take place many years after the grand jury proceedings, limiting the defendant's ability to challenge the evidentiary presentation made during grand jury proceedings. (*Robinson, supra*, at p. 878 (dis. opn. of Feinberg, J.), review granted.)

## 2. Analysis

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis, supra,* 11 Cal.5th at p. 961.) "'"When we interpret a statute, '[o]ur fundamental task … is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning.… If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.] 'Furthermore, we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.'"'" (*People v. Reynoza* (2024) 15 Cal.5th 982, 989–990.)

The exception at issue applies to "evidence previously admitted at any prior hearing or trial." (§ 1172.6(d)(3).) As explained by Justice Feinberg, although the term "hearing" has been variously and broadly construed in a manner that *could* include grand jury proceedings (see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1247–1248; see also *People v. Pennington* (1967) 66 Cal.2d 508, 521), viewing the statutory language as a whole, the term "hearing" unambiguously refers to an adjudicative hearing not encompassing grand jury proceedings. (*Robinson, supra*, 106 Cal.App.5th at pp. 875–876 (dis. opn. of Feinberg, J.), review granted.)

First, as to the term "hearing," the extensive statutory scheme governing grand juries (§ 888, et seq.), with very limited exception (see §§ 923, subd. (c)(1), 939.7), describes grand juries convening in "sessions" or "proceedings" (see, e.g., §§ 891, 939, 939.1, 939.21, 939.3). (*Robinson, supra*, 106 Cal.App.5th at p. 875 (dis. opn. of Feinberg, J.), review granted.) For purposes of section 1172.6, the Legislature specifically chose the terms *hearing* and *trial* in setting out the exception—it did not refer

16.

to *proceedings* or *sessions*. Moreover, while preliminary hearings were expressly contemplated within section 1172.6(d)(3)'s exception for evidence admitted at a prior hearing or trial (*Davenport, supra*, 95 Cal.App.5th at p. 1158 [statute's exclusion of § 872, subd. (b), testimony evidences express contemplation of preliminary hearing testimony]), preliminary hearings and grand jury proceedings are not, in our view, sufficiently comparable to suggest the Legislature's inclusion of preliminary hearing evidence under section 1172.6(d)(3)'s exception impliedly contemplates inclusion of evidence received at a grand jury proceeding. Grand jury proceedings are not adjudicative, unlike hearings and trials in a criminal proceeding (*Cummiskey v. Superior Court* (1992) 3 Cal.4th 1018, 1026; *People v. Petrilli* (2014) 226 Cal.App.4th 814, 825), nor are they adversarial. Rather, they are investigatory proceedings (§§ 888, 917, 918, 936.5): a judicial officer does not typically preside over grand jury proceedings (§ 934, subd. (a); see § 915); a defendant does not receive notice of grand jury proceedings; and a defendant has no right to appear, offer evidence, or cross-examine witnesses. Despite similarities in their function (see *People v. Arroyo* (2016) 62 Cal.4th 589, 595), unlike preliminary hearings, grand jury proceedings are one-sided investigatory proceedings.

Second, section 1172.6(d)(3) refers to "evidence previously *admitted* at any prior hearing or trial." (Italics added.) Evidence is not admitted to a grand jury, it is "receive[d]" (§ 939.6, subd. (a)); there generally is no judicial officer presiding over grand jury proceedings to formally admit evidence (§ 934, subd. (a)). To construe a grand jury proceeding under section 1172.6(d)(3) as a "hearing" where evidence was "previously admitted" would require us to ignore the statute's language and confer a meaning at odds with the words the Legislature chose. (*People v. Reynoza, supra*, 15 Cal.5th at p. 991 [courts "'generally must "accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose,"'" and a "'"construction making some words surplusage is to be avoided"'"].)

17.

Finally, the statute was amended effective January 1, 2022, to tighten the rule that the record of conviction may generally be considered and to limit the sources of admissible evidence at an evidentiary hearing. (Stats. 2021, ch. 551, § 2; see *Davenport, supra*, 95 Cal.App.5th at p. 1159.) As amended, the statute *excludes* from admission at an evidentiary hearing any preliminary hearing testimony admitted under section 872, subdivision (b). Section 872, subdivision (b), permits the finding of probable cause at a preliminary hearing to be based in whole or in part upon the sworn testimony of a qualified law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted. There is a similar provision for officer-related hearsay received at a grand jury proceeding. Section 939.6, subdivision (c), allows qualified law enforcement officers to relate out-of-court statements for their truth to lay a foundation for the admission of documents or other evidence. Yet section 1172.6(d)(3) does not exclude section 939.6, subdivision (c), testimony. It would be anomalous for the Legislature to amend the statute under Senate Bill 775 to tighten the evidentiary rules by excluding preliminary hearing testimony under section 872, subdivision (b), which is subject to cross-examination, but *not* exclude similar section 939.6, subdivision (c), testimony received at a grand jury proceeding, which is untested by cross-examination. (*Robinson, supra*, 106 Cal.App.5th at p. 877 (dis. opn. of Feinberg, J.), review granted; see *People v. Ledesma* (1997) 16 Cal.4th 90, 101 [in construing statutes, courts should strive to avoid anomalous results].) We agree with Justice Feinberg that the omission of any reference to section 939.6, subdivision (c), suggests the Legislature did not contemplate a grand jury proceeding would be considered a hearing for purposes of section 1172.6(d)(3). (*Robinson, supra*, at p. 877 (dis. opn. of Feinberg, J.), review granted.)

Amicus curiae argues that in amending section 1172.6(d)(3), the Legislature "understood the grand jury hearing serves as an alternative to the preliminary hearing, and that in such proceedings, witnesses give sworn testimony before a jury of citizens,

governed by the rules of evidence, and upon which guilty pleas are factually based in many criminal cases." (Fn. omitted.) Given this, amicus curiae contends "the only reasonable conclusion is that the Legislature intended grand jury hearings to be encompassed within the phrase 'any prior hearing'" because otherwise it would effectively amount to a trial without a jury in every case resolved by grand jury indictment.

In adopting section 1172.6, although "the Legislature generally sought to avoid full-scale retrials," it also expressly recognized that live testimony and new evidence could be needed or desirable in particular cases. (*Robinson, supra*, 106 Cal.App.5th at p. 872, review granted; see *People v. Strong* (2022) 13 Cal.5th 698, 715 ["Had the Legislature intended to permit wholesale relitigation of findings supporting murder convictions in the context of section 1172.6 resentencing, we expect it would have said so more plainly."].) While efficiency in conducting section 1172.6 evidentiary hearings is important, nothing suggests the Legislature elevated that concern over "fairness and reliability." (*Robinson, supra*, at p. 878 (dis. opn. of Feinberg, J.), review granted.) Indeed, section 1172.6 was amended under Senate Bill 775 to restrict what evidence is admissible at an evidentiary hearing. While there are many procedural protections built into grand jury proceedings, such as the prosecutor's ethical duties in presenting evidence, "they do not compare with those accompanying ordinary hearings and trials that are part of a criminal proceeding." (*Robinson, supra*, at p. 878 (dis. opn. of Feinberg, J.), review granted.) The prosecutor's evidence submitted to the grand jury is "entirely free from adversarial testing"; witnesses are not subject to cross-examination; the defendant is not entitled to be present; and, generally, no judicial officer presides over the session. (*Ibid*.) "[E]vidence adduced under these conditions falls short of the standards of fairness and reliability that the Legislature intended when it broadly required section 1172.6 evidentiary hearings to comply with the Evidence Code, subject to a carefully constructed exception for evidence that a judicial officer admitted at a prior

hearing or trial." (*Ibid.*; see *People v. Ramos* (2025) 112 Cal.App.5th 174, 191, conc. statement of Liu, J. [observing that in amending § 1172.6(d)(3) under Sen. Bill 775, the Legislature did "not appear to have intended to allow evidence from proceedings from which the petitioner was absent"].)

For these reasons, we conclude the plain language of section 1172.6(d)(3) indicates its exception for evidence previously admitted at any prior hearing or trial does not encompass grand jury proceedings.

### D.     Police Reports

Appellant argues law enforcement-generated documents, including police reports, witness statements recorded by police, were improperly admitted and considered by the trial court.  Appellant maintains the documents themselves are hearsay and contain additional hearsay statements for which there are no applicable exceptions.

The Attorney General concedes the court erroneously admitted the police reports, which themselves are hearsay, and relied on numerous hearsay statements within the documents from various witnesses regarding circumstances surrounding the offenses. The Attorney General maintains no established hearsay exception was identified by the prosecutor for each layer of hearsay, and the reports should not have been admitted or considered.

We agree with the parties that the police reports—and related law enforcement documents such as the witness statements and the probation special incident report the trial court grouped as police reports—are hearsay because they were created out of court and were offered for the truth of the matter asserted.  (Evid. Code, § 1200, subd. (a) [hearsay is an out-of-court statement offered to prove that its assertion is true].)  These documents also contain out-of-court statements of witnesses that constitute another layer of hearsay when offered for the truth of the matter asserted.  While there *may* be an applicable exception for some of the information contained in the documents (see, e.g., *People v. Hall* (2019) 39 Cal.App.5th 831, 844–845 [arrest report admissible under

official records exception to the hearsay rule to the extent it reported "an act, condition, or event" observed by law enforcement pursuant to Evid. Code, § 1280]), there must also be a hearsay exception for out-of-court witness statements recorded in the documents that were considered for the truth of the matter asserted. (Evid. Code, § 1201 [multiple hearsay admissible only if each hearsay statement is admissible under hearsay exception]; see *Walker v. Superior Court* (2021) 12 Cal.5th 177, 192 [observing the general rule that each level of out-of-court statements in documents such as probation and police reports must fall under a hearsay exception to be admitted into evidence].) Many of the findings taken from the police reports involved nonparty witness statements recorded by the police that were considered for the truth of the matter asserted, but no hearsay exception was identified.

In sum, we agree with the parties these documents were improperly admitted hearsay that prejudicially affected the trial court's ruling, and we turn to the issue of remedy.

## II.    Remedy

Although the parties agree the admission of the grand jury transcript and police reports was prejudicial error under section 1172.6(d)(3), they disagree on the appropriate remedy.

The Attorney General argues the case should be remanded for the trial court to conduct a new evidentiary hearing. Appellant contends the Attorney General has conceded the prosecution failed to meet its burden of proof at the evidentiary hearing, and section 1172.6(d)(3) states that "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." Appellant argues the prosecution knew the form of its evidence was being challenged as inadmissible and that the law was not settled on this issue, but it elected to proceed anyway without offering any different evidence. Under these circumstances, appellant

21.

argues the prosecution is not entitled to another opportunity to submit admissible evidence.

The heart of the error here is evidentiary, and retrial is typically the appropriate remedy for harmful evidentiary error offered in criminal proceedings. (See *People v. Shirley* (1982) 31 Cal.3d 18, 71, superseded by statute on another ground as stated in *People v. Alexander* (2010) 49 Cal.4th 846, 879; see also *People v. Cooper* (2007) 149 Cal.App.4th 500, 522 ["'The double jeopardy clause does not bar retrial after a reversal based on the erroneous admission of evidence if the erroneously admitted evidence supported the conviction.'"].) This is true even when the admitted evidence is rendered inadmissible by subsequent decisional law. (*People v. De Santiago* (1969) 71 Cal.2d 18, 22–23, 30.) Moreover, the error in this case occurred in a postconviction resentencing proceeding where principles of double jeopardy do not apply. (*People v. Flint* (2022) 75 Cal.App.5th 607, 618; *People v. Schell* (2022) 84 Cal.App.5th 437, 444; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 589.)

Aside from defense objections, the prosecution had no reason to know with any certainty the form of evidence it offered was inadmissible. Indeed, since the evidentiary hearing in this matter, a split of appellate authority has developed as to the admissibility of grand jury transcripts under section 1172.6(d)(3). Under these circumstances, we disagree with appellant's framing that the prosecution simply chose not to (or could not) present admissible evidence to prove its case. Given the development of the decisional law as to the scope of section 1172.6(d)(3)'s hearsay exception, it is appropriate for the prosecution have an opportunity to present admissible evidence. The matter is remanded for a new evidentiary hearing.

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is vacated, and the matter is remanded for a new evidentiary hearing.


MEEHAN, Acting P. J.

WE CONCUR:


SNAUFFER, J.


DESANTOS, J.

23.